THE PRESIDENT, DIRECTORS AND COMPANY OF THE STATE BANK AT ELIZABETH *v.* G. C. BARBER, one of the Attorneys, &c.

Where a bill was filed against an attorney in August, 1825, and at the ensuing term of September, a rule to plead was taken but not served, and nothing done until February Term, 1826, when another rule to plead was taken and served, under which rule the defendant pleaded, and at the next May Term applied to this Court to withdraw his plea and quash the bill. The Court refused to quash, although they allowed the defendant to withdraw his plea and plead anew.

*M. Ogden* and *Chetwood*, for the defendant, moved to withdraw the pleas, and to quash the bill. It was filed on the 25th August, 1825 ; in the ensuing term a rule to plead, &c., was taken but not served ; at November Term of that year nothing was done, but in February Term last, another rule to plead in thirty days was taken and served ; but they

insisted the omission to serve and follow up the original rule had wrought a discontinuance, of which the defendant ought not to be forbid, in consequence of the pleas, to avail himself, as he had pleaded under the compulsion of a rule which now at the first opportunity he resisted.

*Randolph* and the *Attorney General* for the plaintiffs. The defendant has appeared and pleaded, and ought not now to be aided ; 5 *D. & E.* 173. · The bill was filed just before the statute of limitations might have attached to the cause of action, and the proceeding here is regular by analogy to the case of a summons which may be taken out to save the statute, returned *N. E.* and at many terms afterwards an *alias* may be sued out; the continuance if at all necessary, are mere matters of form and may be added at any time. 2 *Sellon* 457 ; *Ballant. on Limit* 150. On no principle can the bill be quashed ; the matter should'have been presented by way of plea. 1 *Wils.* 167.

BY THE COURT.—Inasmuch as the defendant, if the grounds suggested are tenable, may avail himself of them by plea, whereby they will be placed in the regular course of trial, and subject to review in an higher tribunal, of which by a decision against them on this motion, the plaintiffs would be deprived, as also indeed of their cause of action if the period of limitation has attached since the filing of the bill, we think a due exercise of discretion requires us to refuse the application to quash without expressing any opinion on its merits. As the defendant filed his plea in compliance with our rule, and is now here at the first term since notice of the filing of the bill, and as amendments of pleadings are liberally allowed, liberty is given to the defendant to amend his pleas, or to withdraw them and plead anew.